THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANA SERRANO VAZQUEZ, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO**,<br><br>**Defendant.** | **Civil No. 16-01075 (ADC)** |

**OPINION AND ORDER**

Before the Court are motions for costs, litigation expenses, and attorney's fees by plaintiffs Ana Serrano Vázquez, personally and as legal guardian of her daughter ABS, a student with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. (collectively "plaintiffs"), **ECF Nos. 16, 17**; an opposition motion by defendants Commonwealth of Puerto Rico and the Department of Education of Puerto Rico (collectively "defendants"), **ECF No. 18**; and plaintiffs' reply to defendants' opposition, **ECF No. 21**. For the reasons discussed below, the Court grants plaintiffs' motions.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The following facts arise from the complaint and are uncontested. Co-plaintiff ABS attends a public school in Dorado, Puerto Rico, aided by a Services Assistant assigned to her by co-defendant Department of Education of Puerto Rico ("DOE") pursuant to IDEA. **ECF No. 1 ¶¶**

7-25. However, the Services Assistant was not assigned for a sufficient number of hours in relation to ABS 's needs. *Id*. at ¶¶ 23-25. ABS's mother met with the School Director at the beginning of the 2015-2016 school year regarding the deficiency in Services Assistant time being provided to ABS, and the School Director agreed that ABS needed to be provided the additional Services Assistant hours being requested (seven and a half hours per day). *Id*. at ¶¶ 26-27. Notwithstanding the School Director's determination, ABS was not provided with the requested additional Services Assistant time, for which on September 8, 2015, plaintiffs filed an administrative complaint before the DOE, case number 2015-025-022, under the administrative procedure established by said agency pursuant to IDEA, among other statutes.[1] *Id*. at ¶¶ 28-30. A conciliation meeting was held as part of the administrative complaint process resulting in the DOE agreeing to increase the Services Assistant time for ABS starting no later than September 25, 2015. *Id*. at ¶¶ 31-33.

In spite of the conciliation meeting and the agreement reached between plaintiffs and the DOE, ABS was not provided with the requested Services Assistant time. *Id*. at ¶ 34. Consequently, plaintiffs' administrative claim went before an Administrative Law Judge (ALJ), who held an evidentiary hearing on November 4, 2015. *Id*. at ¶¶ 35-39. Two days later, the ALJ issued a ruling on the merits of the administrative complaint ordering the DOE to hold an Individualized Educational Plan Team Meeting ("IEP Team Meeting") no later than December

---

[1] Regulation No. 8458 of the Puerto Rico Department of Education, *Manual Operacional del Procedimiento de Querellas y Remedio Provisional* (not yet translated to English).

6, 2015, regarding an increase in Services Assistant time for ABS. *Id*. at ¶¶ 40-42. However, the DOE did not comply with the ALJ's order to hold an IEP Team Meeting, for which plaintiffs filed the instant complaint on January 14, 2016. *Id*. at ¶¶ 43. In their complaint, plaintiffs seek, in essence, that the Court order the DOE to provide plaintiffs the relief granted by the ALJ. *Id*. at ¶¶ 45-48. Plaintiffs also seek costs, litigation expenses, and attorney's fees incurred in bringing their claim before this Court.[2] **ECF No. 17-1**. *Id*. at ¶¶ 49-52.

On March 4, 2016, the DOE finally held the IEP Team Meeting. **ECF No. 16** at 2. Thus, "[h]aving obtained the remedy sought in the complaint and which had been ordered by the ALJ, plaintiffs requested the entry of judgment as to all matters, except for the issue of costs, litigation expenses and attorney's fees." *Id*. The Court entered judgment as requested, **ECF No. 14**, for which the only pending mater is plaintiffs' request for costs and attorney's fees incurred in bringing the case to Court, to which defendants oppose. **ECF Nos. 16, 17, 18 and 21**.

## II.   APPLICABLE LEGAL STANDARD

Under the American Rule, attorneys' fees may be granted only if the relevant statute provides for such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 257 (1975). Here, IDEA provides that the parents or guardian of a child with a disability, who is the prevailing party in an administrative proceeding or civil action, may be awarded reasonable

---

[2] Plaintiffs do not claim costs and attorney's fees regarding the administrative phase of this case. In fact, the invoice submitted by plaintiffs' counsel reveals that the services billed commenced after the evidentiary hearing and ruling by the ALJ.

costs and attorneys' fees. 20 U.S.C. § 1415(i)(3)(B). The determination of whether a party is a "prevailing party" under IDEA is guided by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.,* 532 U.S. 598 (2001). *See Doe v. Boston Pub. Sch.,* 358 F.3d 20, 29–30 (1st Cir. 2004) (holding that *Buckhannon's* fee-shifting provision applies to the IDEA). "[F]or a party to be considered 'prevailing,' there must be a material alteration of the legal relationship of the parties, and there must be judicial *imprimatur* on the change." *Smith v. Fitchburg Public Schools*, 401 F.3d 16, 22 (1st Cir. 2005) (internal citations and quotations omitted).

Furthermore, IDEA's reasonable attorneys' fees standard has been interpreted in a manner that is consistent with the analogous fee-shifting counterpart of the Civil Rights Act, 42 U.S.C. § 1988(b). *See Doe,* 358 F.3d at 27; *Maine Sch. Adm. Dist. No. 35 v. Mr. R,* 321 F.3d 9, 14 (1st Cir. 2003). Thus, after passing the prevailing party threshold, the Court is called to determine whether the fees sought are reasonable and whether additional circumstances exist that may require adjusting the fee. *Hensely v. Eckerhart*, 461 U.S. 424, 433-34 (1983). In fee-shifting cases, such as the one at bar, the Court calculates a lodestar; that is, to determine the base amount of the fee to which the prevailing party is entitled by multiplying the number of hours that counsel productively expended by counsel's reasonable hourly rate. *Id.* Usually, this is done by ascertaining the time counsel spent on the case, and subtracting duplicative, excessive, or otherwise unnecessary hours, if any. *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992).

In calculating hourly rates, IDEA specifies that the fees awarded should "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415 i(3)(C). *See also Lipsett*, 975 F.2d at 937 (taking into account "prevailing rates in the community for comparably qualified attorneys" when determining hourly rates) (internal citations and quotations omitted). It is the prevailing party's burden to prove the reasonableness of the hours claimed and to submit evidence justifying the fee request. *Torres-Rivera v. O'Neill-Cancel,* 524 F.3d 331, 340 (1st Cir. 2008); *González v. P.R. Dep't. of Edu.,* 1 F. Supp. 2d 111, 114 (D.P.R. 1998).

III.   **Discussion**

   a.   **Plaintiffs are prevailing parties who are eligible to costs and attorney's fees in the instant case.**

Defendants contend that plaintiffs are not eligible to be awarded costs and attorney's fees because they are not prevailing parties under *Buckhannon*, 532 U.S. Specifically, defendants concede that plaintiffs meet the first prong of the *Buckhannon* standard. That is, as a result of plaintiffs' administrative and judicial claims against defendants, "there was a 'material alteration' of the legal relationship between the parties" for which the DOE held an IEP Team Meeting as requested by plaintiffs and as ordered by the ALJ. **ECF No. 18** at 4. However, defendants assert that plaintiffs do not meet the second prong of the *Buckhannon* standard, since the parties reached a private, extrajudicial settlement regarding the court claim, for which the

change in the legal relationship between the parties that is object of this case lacks the necessary judicial *imprimatur*. *Id.* at 4-5.

In support of their contention, defendants rely on the First Circuit holding in *Doe*, 358 F.3d. In that case, plaintiffs filed a judicial complaint for costs and attorney's fees incurred in their administrative claim under IDEA and related proceedings against a public school district. *Id*. The First Circuit held that the *Buckhannon* standard had not been met in that case because the agreement leading to the desired result was achieved by a private settlement among the parties, thus lacking the necessary judicial *imprimatur*. *Id.* at 25-30. However, the holding in *Doe* is not applicable to the instant case, inasmuch as the facts of both cases are different in fundamental ways. In *Doe*, there was neither a hearing nor an adjudication on the merits by an ALJ, since the parties reached a settlement agreement that precluded the need for such a hearing and adjudication. *Id*. In the instant case, there was an evidentiary hearing and a ruling on the merits by an ALJ in plaintiffs' favor regarding their administrative charge after the DOE's repeated failure to comply with plaintiffs' request for additional Services Assistant time. **ECF No. 1** at ¶¶ 35-42. When the DOE failed to comply with the ALJ's order, plaintiffs felt compelled to file the instant claim before this Court, which in turn was settled out of Court, except for the issue of costs and attorney's fees, once the DOE finally agreed with plaintiffs to hold the IEP Team Meeting ordered by the ALJ. **ECF Nos. 14, 16** at 2. *See Antonio v. Boston Public Schools*, 314 F. Supp.2d 95, 98 (D.Mass. 2004) (First Circuit's holding in *Doe* is inapplicable in a case with similar

facts as the instant one, where the "parties litigated the issues in a two-day hearing following which the . . . hearing officer issued an Order and ultimately a detailed written decision").

The First Circuit has "not squarely addressed whether judgments on the merits or consent decrees are the only forms of relief sufficient to confer prevailing party status, whether a functional equivalent of such relief may be adequate, or whether any other types of relief could satisfy *Buckhannon's* requirements." *Smith v. Fitchburg Pub. Sch.*, 401 F.3d 16, 23 (1st Cir. 2005). Nonetheless, as stated by the First Circuit in *Smith*, "[i]t is indisputable that, for purposes of the IDEA, a party may 'prevail' in an administrative hearing- thus the appropriate involvement of a . . . hearing officer can provide the necessary 'judicial imprimatur' under *Buckhannon*." *Id*. at 22, n. 9. In fact, "[p]ost-*Buckhannon* case law continues to support the premise that a plaintiff can achieve prevailing party status at an administrative level and therefore be entitled to attorneys' fees and costs." *Antonio*, 314 F. Supp.2d at 99; *see also E.D. ex rel. Doe v. Newburyport Public Schools*, 654 F.3d 140, 143-144 (1st Cir. 2011); *Springfield Sch. Committee v. Doe*, 623 F. Supp.2d 150, 162-163 (D.Mass. 2009); *Rodríguez v. Commonwealth of Puerto Rico*, 764 F. Supp.2d 338, 342 (D.P.R. 2011); *Schroeder v. Triton Regional School District*, 2008 WL 8170074 at 9 (D.Mass. 2008) (not reported in in F. Supp.2d); *North Kingstown School Committee v. Justine*, 2014 WL 8108411 at 11 (D.R.I. 2014) (not reported in in F. Supp.3d).

In light of the above, the Court hereby holds that plaintiffs are prevailing parties under *Buckhannon* and related case law as applied to the facts of the instant case. Thus, plaintiffs are

entitled to claim an award for the costs and attorney's fees incurred in bringing their case before the Court.

### b. The request for costs and attorney's fees by plaintiffs is reasonable and complies with applicable standards

Plaintiffs have submitted: (i) a Bill of Costs (Form AO 133), **ECF No. 15**; (ii) a petition for costs and litigation expenses with supporting documentation evidencing the payment of the Court's filing fee and delivery services related to service of process, **ECF No. 16**; and (iii) a petition for an award of attorney's fees with supporting documentation that includes a statement under penalty of perjury by counsel and an invoice containing the attorney's time spent per task plus an itemized list of costs. **ECF No. 17.** Defendants do not object either to the amounts requested in the invoices and billing records or to the tasks for which said costs and attorney's fees were billed. As discussed above, defendants' opposition is based solely on their contention that plaintiffs do not meet one of the two prongs of the *Buckhannon* standard, for which they are not prevailing parties entitled to costs and attorney's fees. **ECF No. 18**.

The total amount in costs and expenses being requested by plaintiffs is $460.00, comprising the following costs: (i) Court filing fee of $400; (ii) $60.00 in service of summons; and (iii) $25.25 in copies and courier services. **ECF Nos. 15, 16-1, 17-1**. The Court deems such costs and expenses to be reasonable and compliant with applicable standards. 20 U.S.C. 1415(i)(3)(C); 28 U.S.C. § 1920, 42 U.S.C. § 1988(b); *Doe*, 358 F.3d at 26; *González Pérez v. Commonwealth of Puerto Rico*, 2012 WL 5829670 (D.P.R.) (not reported in in F. Supp.2d).

Moreover, the hourly rate for the work performed and billed by plaintiffs' counsel is $100 an hour. **ECF No. 17**. Plaintiffs' counsel states that the same rate has been approved by the Court in his favor in previous cases, including in IDEA claims. *See* **ECF No. 17-2** (*Fortés-Cortés et al. v. DOE*, Civil No. 12-1900 (GAG); *Colón-Vázquez et al. v. DOE*, Civil No. 14-1644 (JAF); *Rosado-Torres et al. v. DOE*, Civil No. 15-1185 (JAF); *Aponte Vázquez et al v. Commonwealth of Puerto Rico*, Civil No. 14-1762 (FAB); *Morales-Morales et al. v. Commonwealth of Puerto Rico*, Civil No. 15-1079 (PAD); *De Jesús-García et al. v. DOE*, Civil No. 14-1906 Civil No. (CVR); *Torres-Olmeda v. DOE*, Civil No. 15-1091 (CVR); *Fortés-Cortés et al v. García-Padilla et al.*, Civil No. 14-1892 (BJM); *Cano-Ángeles et al. v. DOE*, Civil No. 15-1005 (BJM); and *García-Rosario et al v. DOE*, Civil No. 15-1358 (BJM)). The Court hereby holds that the hourly rate of $100 is reasonable in the instant case as well in light of the prevailing rates in Puerto Rico and plaintiffs' counsel's considerable experience in IDEA litigation. *See id*.

Plaintiffs' counsel has billed a total of 8.8 hours in tenths-of-an-hour increments, itemized per task, for a total of $880. **ECF No. 17-1**. The time billed is for work performed from December 2, 2015, when counsel reviewed the administrative ruling, *id.* at 1, to March 7, 2016, when counsel drafted the motion for entry of judgment, *id.* at 2. After a careful review of counsel's invoice, the Court deems that all entries are reasonable and in compliance with applicable standards. 20 U.S.C. 1415(i)(3)(C); 28 U.S.C. § 1920, 42 U.S.C. § 1988(b); *Lipsett,* 975 F.2d at 937; *Torres-Rivera,* 524 F.3d at 340; *González,* 1 F. Supp. 2d at 114.

### IV.     CONCLUSION

In light of the foregoing, plaintiffs' motions for costs, litigation expenses, and attorney's fees by plaintiffs, **ECF Nos. 16 & 17**, are hereby **GRANTED**. As such, plaintiffs are awarded **$485.25 in costs and litigation expenses** as well as **$880 in attorneys' fees**.

**SO ORDERED.**

At San Juan, Puerto Rico, this 29th day of March, 2017.

                                                         **S/AIDA M. DELGADO-COLÓN**
                                                         **Chief United States District Judge**